## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

_____

Shane Eric Hanley,                                        Case No. 23-cv-63 (JRT/TNL)

      Petitioner,

v.                                                                              **ORDER**

Warden LeJeune
*Warden of FCI Sandstone*,

      Respondent.

_____

Shane Eric Hanley, FCI Sandstone, P.O. Box 1000, Sandstone MN 55072 (pro se Petitioner); and

Ana H. Vos and Kristen Elise Rau, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

_____

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several motions. Pro se Petitioner Shane Eric Hanley has filed a Motion to Clarify and Object, ECF No. 11; a Motion Requesting Permission for Early Discovery, ECF No. 15; a Motion for Extension of Time, ECF No. 17; and a Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), ECF No. 23.

Based upon the record, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion to Clarify and Object, ECF No. 11, is **DENIED**.

On March 20, 2023, Petitioner filed a Motion to Clarify and Object to a statement made in Respondent Warden LeJeune's Request to Extend Time to Respond to Petition, ECF No. 7. Petitioner challenges Respondent's characterization of the petition in paragraph

1

one of Respondent's request. ECF No. 11; *see also* ECF No. 7 at ¶ 1. Respondent's request

sought an extension of time to file his response to Petitioner's petition and the Court

granted that request on March 8, 2023. ECF No. 7; *see also* ECF No. 10. Therefore,

Petitioner's motion is denied as there is nothing for the Court to grant in connection with

Petitioner's motion. Petitioner may address arguments raised in Respondent's response to

the petition in his reply. *See infra* ¶ 3.

2.  Petitioner's Motion Requesting Permission for Early Discovery, ECF No. 15, is

    **DENIED**.

On April 20, 2023, per the Federal Rules of Civil Procedure, Petitioner requests "E-

mail records, Notes and internal Bureau of Prisons Memorandums from January 1st., 2022-

current date that were involved in any action concerning Bureau Of Prisons [Inmate

Financial Responsibility Program ("IFRP")]." ECF No. 15 at 1. Petitioner also seeks sworn

declarations from two Federal Bureau of Prisons ("BOP") employees. *Id.* Petitioner argues

that such information "will be essential in the outcome of this case." *Id.* at 2.

Respondent opposes this motion. Respondent argues that Petitioner did not comply

with the meet and confer requirement per this District's Local Rule 7.1(a). ECF No. 19 at

2. Respondent also contends that Petitioner has not met the good cause standard to permit

discovery under Rule 6(a) of the Rules Governing 28 U.S.C. § 2254. *Id.*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule

6(a) "provides that [Petitioner] shall be entitled to invoke the processes of discovery

available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in

the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (internal quotations omitted). *See also Thomas v. Roy*, No. 17-cv-2790 (DWF/HB), 2018 WL 4376437, at *15 (D. Minn. July 27, 2018), *report and recommendation adopted*, 2018 WL 4374007 (D. Minn. Sept. 13, 2018) ("Rule 6(a) of the Rules Governing Section 2254 Cases requires a showing of good cause before a court will authorize a party to conduct discovery under the Federal Rules of Civil Procedure."). "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909).

Petitioner has not established good cause. Petitioner broadly requests e-mail correspondences, notes, and memorandums that were involved in any action concerning the BOP's IFRP Program. ECF No. 15 at 1-2. Petitioner also broadly requests declarations from two BOP employees because, according to Petitioner, those employees "are not in agreement with" how the IFRP is handled by the facility where Petitioner is incarcerated. *Id.* at 1-2; Decl. ¶ 9, ECF No. 16. Petitioner believes the requested "information will be essential in the outcome" of his case. ECF No. 15 at 2. Petitioner does not specify any reason behind his requests. Petitioner has not articulated how the requested discovery will affect the outcome of the case. Therefore, Petitioner's motion is denied.

Furthermore, the Court notes that Petitioner improperly filed a reply, ECF No. 20, in support of his motion for early discovery. Although Petitioner labeled ECF No. 20 as a "Motion," the substance shows that Petitioner is *replying* to Respondent's response to his

motion for early discovery. *See generally* ECF No. 20. Under this Court's Local Rules, a party cannot file a reply in support of a non-dispositive motion without the Court's permission. D. Minn. LR 7.1(b)(3). Petitioner did not seek, and the Court did not grant permission to file a reply in support of his motion for early discovery, which is a non-dispositive motion. The Court will not consider Petitioner's arguments in the reply because Petitioner was not entitled to file a reply. Petitioner also did not satisfy the meet and confer requirement under Local Rule 7.1(a), which he had to satisfy, if possible, before filing this motion. The Court reminds Plaintiff that his pro se status does not excuse him from following all applicable rules, laws, orders of the Court, and the like in this case. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

3. Petitioner's Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), ECF No. 23, is **GRANTED** and Petitioner's Motion for Extension of Time, ECF No. 17, is **DENIED AS MOOT**.

On January 1, 2023, Petitioner filed his habeas petition under 28 U.S.C. § 2241, ECF No. 1. Respondent then requested an extension of time to respond to the petition, ECF No. 7, which the Court granted for good cause pursuant to Fed. R. Civ. P. 6(b)(1)(A). ECF No. 10. On April 6, 2023, Respondent filed his response to the petition, ECF No. 12, and shortly thereafter Petitioner filed a timely Motion for Extension of Time ("Motion to

Extend"), ECF No. 17, to reply to Respondent's response.

Petitioner's Motion to Extend requested a 28-day extension, pending the denial of his motion for early discovery, to file his reply to Respondent's response to the petition. ECF No. 17 at ¶ 5. Respondent did not object to Petitioner's Motion to Extend. ECF No. 19 at n.1. Petitioner, however, filed a Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion to Amend") on September 8, 2023. ECF No. 23. Petitioner clarifies in his Motion to Amend that he "has not yet filed his Rebuttal as he has several pending Motions filed with this Court concerning this case and will address this Amendment for additional Argument for recovery of funds in that Rebuttal." *Id.* at 2. Respondent has not filed a response to Petitioner's Motion to Amend.

Petitioner's Motion to Amend seeks leave to amend his petition to include an argument for the recovery of monetary funds. *Id.* at 1. Petitioner requests the return of $108.60 "because there was no supporting Authority for this money to be taken from Petitioner's prison account." *Id.* Petitioner explains that including an argument for the recovery of monetary funds will show his injury. *Id.*

At this point in the case, Petitioner may amend the petition only with Respondent's written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). While leave to amend shall be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), Petitioner does not have an absolute or automatic right to amend. *See United States ex rel. Lee v. Fairview Health Systems*, 413 F.3d 748, 749 (8th Cir. 2005). The Court may deny a party's request for leave to amend only if there are compelling reasons to do so, such as undue delay, bad faith, or dilatory motive, undue prejudice to the non-moving party, or futility of the

amendment. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). To grant or deny an opportunity to amend is within the Court's discretion. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015).

In support of his motion, Petitioner argues that the Motion to Amend should be granted because there are no prior amendments, and the amendment will not prejudice the Respondent. ECF No. 23 at 2.

Even though Petitioner did not file his Motion to Amend in compliance with Local Rule 15.1(b) the Court will not require Petitioner to file an amended petition. Rather the Court will consider the additional argument for the recovery of monetary funds in the Motion to Amend together with the petition to be the amended petition.

Respondent will not be prejudiced as Respondent will be given the opportunity to respond to Petitioner's permitted amendment. Therefore, there are no compelling reasons to deny Petitioner's Motion to Amend. And leave to amend must be granted when justice so requires, which is the case here. Thus, Petitioner's Motion to Amend is granted. As a result, Petitioner's Motion to Extend is denied as moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent is permitted to file an amended response either in full, addressing all arguments in the petition and the permitted amendment in a single document, or supplement its existing response to address only the permitted amendment. Respondent must make clear Respondent's election in the filing within 28 days of this Order.

2. If Petitioner intends to file a reply in support of his petition and the permitted

amendment, he must do so within 28 days of Respondent's filing.

3.  Thereafter, no further submissions from either party will be permitted, except

as authorized by Court order.

Date: November 1, 2023

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hanley v. Warden LeJeune*
Case No. 23-cv-63 (JRT/TNL)