UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shane Eric Hanley,   File No. 23-CV-00063 (JMB/TNL)

      Petitioner,

v.

      **ORDER**

Warden LeJeune, *Warden of FCI Sandstone*,

      Respondent.

---

Shane Eric Hanley, Sandstone, MN, self represented.

Kristen Elise Rau and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondent Warden LeJeune.

    This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung, dated April 24, 2024 (Doc. No. 41) on Petitioner Shane Eric Hanley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Hanley objected to the R&R (Objection) (Doc. Nos. 44, 45, 55) and Respondent Warden LeJeune responded. (Doc. No. 54.) For the reasons explained below, the Court will overrule the Objection and adopt the R&R.

## BACKGROUND

    The complete background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

1

In 2013, Hanley was sentenced to 188 months' imprisonment after pleading guilty to possession of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) and 18 U.S.C. § 2256.  (Doc. No. 13-2 at 2; Doc. No. 13-3 at 1.)  He is currently serving his prison sentence at the Federal Correctional Institution in Sandstone, Minnesota (FCI-Sandstone).  (Doc. No. 13 ¶ 4.)

As part of his sentence, Hanley was also ordered to pay $17,769 in restitution to the victims of his crime.  (Doc. No. 13-3 at 6; Doc. No. 13 ¶ 5.)  He was ordered to pay the restitution as follows:

> [I]n minimum quarterly installments of $25.00 based on [Inmate Financial Responsibility Program] IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, . . . .

(Doc. No. 13-3 at 6.)  The Federal Bureau of Prisons (BOP) is required to help inmates with "legitimate financial obligations," such as restitution, to develop financial plans to meet those obligations; for this reason, the BOP encourages inmate participation in the Inmate Financial Responsibility Program (IFRP).[1]  28 C.F.R. §§ 545.10, 545.11(a)(1)–(a)(5).  The BOP develops such financial plans with inmates during the inmates' "program reviews," which are to occur "at least once every 180 calendar days."  28 C.F.R. § 524.11(a)(2).  The BOP uses a specific calculation when developing these financial plans.  *See* 28 C.F.R. § 545.11(b); BOP Program Statement 5380.08 [hereinafter, "P.S. 5380.08"].

---

[1] Participation in the IFRP program is "not mandatory."  *Cervantes v. Cruz*, No. 07-CV-04738 (DWF/JJK), 2009 WL 76685, at *3 (D. Minn. Jan. 8, 2009).  Non-participation, however, causes the inmate to be placed on "refuse" status and, as a result, they will be denied certain program and housing privileges.  *Id.*; 28 C.F.R. § 545.11(d).

2

IFRP payments can be made from an inmate's "institution resources," such as performance pay, or from community resources. (Doc. No. 13 ¶ 9; Doc. No. 13-1 at 7.) According to BOP Program Statement 5380.08, "[a]ny money remaining after th[at] computation may be considered for IFRP payments, regardless of whether the money is in the inmate's trust fund or phone credit account." P.S. 5380.08.

In January 2020, Hanley agreed to participate in the IFRP program. (Doc. No. 13-6.) He entered into an IFRP contract by which he paid $25.00 per quarter toward his restitution obligation. (*Id.*) Then, in early 2022, the BOP initiated an audit of inmate accounts—specifically, the BOP wished to determine if inmates had large amounts of money in their accounts but were paying minimum amounts through IFRP and therefore needed to have their IFRP payment obligations adjusted. (Doc. No. 13 ¶ 13.) Inmates at FCI-Sandstone received notice that, if it was determined that they had more ability to pay than their IFRP contract required, they "will be subject to an adjustment to their [I]FRP contract." (Doc. No. 13-4; *see also* Doc. No. 13 ¶ 14.) Hanley's account was flagged during this audit and he was asked to execute a new IFRP contract. (Doc. No. 13 ¶ 18.) Hanley signed a new IFRP contract in February 2022; under its terms, he would pay $36.20 per month toward restitution, which was an increase from his previous obligation of $25.00 per quarter. (Doc. No. 13-7.)

Hanley paid $36.20 for each month of March, April, and May 2022. (Doc. No. 13-8 at 5–6.) Then, in May 2022, Hanley signed a new IFRP contract that reverted his payment obligation back to $25.00 per quarter.[2] (Doc. No. 13-9.)

In January 2023, Hanley filed his Petition. (Doc. No. 1.) In it, he asserts that, by adjusting his IFRP payments outside of his normal 180-day program-review period, the BOP violated both his procedural and substantive due process rights and the Administrative Procedures Act (APA). Ultimately, the Magistrate Judge issued an R&R, in which he determined that the BOP's actions did not violate Hanley's due-process rights and, further, that Hanley's petition did not present a live case or controversy and was therefore moot because the BOP has re-set Hanley's IFRP payment amount at $25.00 per quarter pursuant to his May 2022 IFRP contract. (*See* Doc. No. 41.)

## DISCUSSION

Hanley has objected to several aspects of the R&R. (Doc. Nos. 44, 45, 55.) The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[2] Hanley does not assert that the IFRP calculations—under either the February 2022 or May 2022 IFRP contracts—are incorrect. (*See* Doc. No. 44 ¶ 22 ("[O]nce again, this Complaint is not about the calculation of [the] IFRP.").)

### A. Procedural and Substantive Due Process

Hanley first objects on grounds that the Magistrate Judge had relied on inapposite case law and a flawed understanding of the nature of his due process claim when determining that Hanley had not identified a violation of his procedural or substantive due process rights. (Doc. No. 44 ¶¶ 5–9; Doc. No. 55 ¶¶ 3–5.) Hanley clarifies in his Objection that the BOP's conduct that allegedly violated his due process rights was: "fraudulently induc[ing] [him] to sign a new and fraudulent IFRP contract under threat of sanction and under severe duress." (Doc. No. 44 ¶ 6.) However, as explained below, on de novo review, this Court determines that the Magistrate Judge's conclusion—that there was no procedural or substantive due-process violation—is correct.

The manner by which the BOP asked Hanley to sign a new IFRP contract in February 2022 does not give rise to a procedural due-process violation in light of the property interest involved and the procedural safeguards built into the applicable prison rules and regulations. *See Bonner v. Fed. Bureau of Prisons*, 196 F. App'x 447, 448 (8th Cir. 2006) ("[A] violation of prison regulations in itself does not give rise to a constitutional violation."); *Phillip v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."); *Mahers v. Halford*, 76 F.3d 951, 954–55 (8th Cir. 1996) (providing that when inmate's money is applied toward a restitution debt, they "are not absolutely deprived of the benefit of their money"); 28 C.F.R. §§ 542.10–.18 (setting forth administrative remedy program that permits challenge of IFRP payment plan). Further, contrary to Hanley's argument, the applicable regulations do not prohibit review of IFRP

5

contracts more frequently than every 180 days. *See* 28 C.F.R. §§ 524.11(a)(2) (providing that program reviews are to occur "*at least* once every 180 calendar days" (emphasis added)); 28 C.F.R. § 545.11(c) (providing that "[p]articipation and/or progress in the Inmate Financial Responsibility Program will be reviewed each time staff assesses an inmate's demonstrated level of responsible behavior").

The Magistrate Judge also correctly concluded that there is no substantive due process violation because Hanley had agreed to participate in the voluntary IFRP program and because the BOP calculated Hanley's IFRP obligation in keeping with 28 C.F.R. § 545.11 and Program Statement 5380.08. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (providing that substantive due-process violation arises when action is "so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness or is offensive to human dignity").[3]

---

[3] In his Objection, Hanley argues that his participation in the IFRP program is not, in fact, voluntary because his underlying financial obligation is pursuant to a Court order and because non-participation would place him in an unprivileged "refuse" status. (*See* Doc. No. 44 ¶¶ 8–9.) The Court agrees with the analysis of the Magistrate Judge and other judges in this Circuit, concluding that such consequences are not constitutional violations. *Hill v. Fikes*, No. 20-CV-1365 (SRN/LIB), 2021 WL 606709, at *4 (D. Minn. Jan. 29, 2021) ("[A]ny adverse consequences that may occur to Petitioner as a result of his withdrawal from the IFRP program do not trigger a constitutional claim."); *Gaines v. Castillo*, No. 11-3113-CV-S-RED-H, 2011 WL 5546865, at *2 (W.D. Mo. Oct. 17, 2011) ("[P]articipation in the [IFRP] program is voluntary to the extent that the penalties incurred for not participating do not rise to constitutional proportions[.]")

B.   APA

Hanley next objects to the R&R on grounds that the Magistrate Judge did not address or dispose of his APA claim.[4] (Doc. No. 44 ¶¶ 10–19; Doc. No. 55 ¶¶ 6–13.) Hanley argues that the BOP's failure to follow its own rules and procedures by asking him to sign the February 2022 IFRP contract requires this Court to invalidate those actions under *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). (*See* Doc. No. 44 ¶¶ 10–11.)

*Accardi* stands for the proposition that "agencies may not violate their own rules and regulations to the prejudice of others." *Damus v. Nielsen*, 313 F. Supp. 3d 317, 335–36 (D.D.C. 2018) (citations omitted); *see also Spener v. Rios*, No. 18-CV-2639 (MJD/TNL), 2019 WL 9313598, at *5 (D. Minn. Apr. 23, 2019), *report and recommendation adopted*, 2019 WL 2373333 (D. Minn. June 5, 2019) ("The requirement that an agency be barred from taking action inconsistent with its internal regulations when doing so would affect individuals rights has been referred to by some courts as the *Accardi* doctrine."). That said, the first question when analyzing any *Accardi* claim is whether any rights given to the claimant under statute or regulation have been violated.

In his Objection, Hanley clarifies the contours of his *Accardi* claim as follows:

> North Central Regional Director Andre Matavousian, FCI Sandstone Warden LeJeune, CMC Fogt, Unit Managers . . . did not adhere to Policy/Regulation 28 C.F.R. § 545.11(a)(2) and

---

[4] The Court notes that the Magistrate Judge did address his APA claim, determining that the claim had no merit and was moot. (*See* Doc. No. 41 at 14–17.)

7

>  P.S. P5322.13 in regards to holding Program Reviews outside of the 180 day window.

(Doc. No. 44 ¶ 11; *see also id.* ¶ 12.)  However, as discussed *supra*, the BOP's decision to review Hanley's IFRP payment obligations at a time less than 180 days since his previous program review does not violate 28 C.F.R. § 545.11(a)(2) (stating that IFRP progress will be evaluated during progress reviews), or Program Statement 5322.13 (which provides that "Program Reviews occur *at least* once every 180 calendar days").  In other words, the BOP can hold program reviews, that include IFRP progress reviews, less than 180 calendar days from a previous program review.  This is what happened in Hanley's case.  Thus, Hanley's *Accardi* claim fails because he has not identified a violation of a statutory or regulatory right.

Hanley also contends that the United States Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, __ U.S. __ (2024), affects the analysis of his APA claim.  Specifically, Hanley contends that *Loper* "overturned *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 [1984]," and, as a result, the Magistrate Judge's recommendation is "based on vacated law."  (*See* Doc. No. 45.)  This is not the case.  The *Loper* decision does not affect statutes that "expressly delegate to an agency the authority to give meaning to a particular statute term" and to "fill up the details of a statutory scheme."  144 S. Ct. at 2263, __ U.S. at __ (quotations omitted).  Here, the statutory schemes at issue unambiguously authorize the BOP, through the Attorney General, to exercise its discretion to "fill up the[ir] details."  *See* 18 U.S.C. §§ 3612, 4001.  Therefore, the *Loper* decision is inapplicable.

C.      **Mootness**

Hanley also objects to the Magistrate Judge's determination that his due process and APA claims, which are rooted in his being asked to sign the February 2022 IFRP contract, were mooted by his execution of the May 2022 IFRP contract. (Doc. No. 44 ¶¶ 21–23.) Hanley asserts in his Objection that his Petition still presents a "live" controversy because he still does not have access to the $108.60 that he paid under the February 2022 IFRP contract. (*Id.* ¶ 21.) This argument is unpersuasive. Hanley does not dispute the accuracy of the BOP's calculation of his IFRP obligation under the February 2022 contract. (*See, id.* ¶ 22.) He also does not dispute the fact of his restitution obligation or the BOP's authority to facilitate his payment of it. (*See generally* Doc. No. 44.) Therefore, because the February 2022 IFRP contract was authorized by statute (as discussed *supra*), and because it was accurately calculated, Hanley has not demonstrated entitlement to any money paid pursuant to it. Further, the challenged contract is no longer in effect and the Court concurs with the Magistrate Judge: there is no "live" controversy.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Petitioner's Objections (Doc. Nos. 44, 45, 55) to the R&R.

2. The Court ADOPTS the R&R (Doc. No. 41) and dismisses Petitioner's petition without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 28, 2024                    /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court